IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DENNIS SANCHEZ and<br>MARIANNE SANCHEZ<br>  Plaintiffs, | §<br>§<br>§<br>§<br>§ | |
| V. | §<br>§<br>§<br>§ | No. B-02-236 |
| ALLSTATE INSURANCE COMPANY,<br>AND GARY SELIGMAN<br>  Defendants. | §<br>§<br>§ | |

**PLAINTIFFS' MOTION TO REMAND, REQUEST FOR REIMBURSEMENT OF ATTORNEY FEES, COST, EXPENSES, SANCTIONS, AND SUPPORTING BRIEF**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

COMES NOW, Plaintiffs Dennis and Marianne Sanchez, herein ("Plaintiffs"), and files this Motion to Remand and Brief in Support thereof under 28 U.S.C. §§ 1447(c) and 1447 (e). In support of their Motion to Remand, Plaintiffs respectfully show unto the Court the following:

### INTRODUCTION

1. Plaintiffs are citizens of the state of Texas. Defendants are Allstate Insurance Company ("Allstate") and Gary Seligman. Allstate claims to be a citizen of the state of Illinois. However, its corporation and places of business are located in Texas; Allstate has been duly formed and authorized to conduct the business of insurance by the Texas Department of Insurance and the Texas Commissioner of Insurance, pursuant to Articles 2 and 18 of the Texas Insurance Code; and State Farm is licensed to sell insurance in Texas. Gary Seligman is also a citizen of the State of Texas currently and at the filing of this cause of action.

2. On July 22, 2002, Plaintiffs filed an action in the 404th Judicial District Court, Cameron County, Texas, styled Dennis and Marianne Sanchez., under Cause No. 2002-07-2926-G (the "Lawsuit"). Plaintiffs' lawsuit against Defendant Allstate and Gary Seligman alleged: (1) violations of the common-law duties of good faith and fair dealing; (2) violations of Articles 21.21 and 21. 55 of Texas Insurance Code; (3) violations of the Texas Deceptive Trade Practices Act; and (4) breach of contract, arising from the result of Defendants inadequate or wrongful denial of their insurance claim for water damage and resulting mold to their home.

3. On December 20, 2002, approximately 5 months after this action commenced, Defendant Allstate removed the lawsuit to federal court pursuant to 28 U.S.C. § 1446 (a). Defendant alleges that this Court has original jurisdiction of the Plaintiffs' lawsuit under 28 U.S.C. § 1332 (a), as it is a civil action wherein the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000), and is between parties of who are citizens different states. Defendant sent this notice of removal to Plaintiffs and to the Court via certified mail.

## ARGUMENT

4. It is well-settled that there must be complete diversity between all Plaintiffs and all Defendants in a suit in order for subject-matter jurisdiction to lie under the diversity statute of the federal courts; no plaintiff can be a citizen of the same state as any defendant. *Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 364, 373-74 (1978); *In re Rodriguez*, 79 F.3d 467, 473 (5th Cir. 1996) (if the plaintiff and even one properly joined defendant are residents of the same state, the federal court has no taking jurisdiction); *Jernigan v. Ashland Oil, Inc.*, 989 F.2nd 812, 815 (5th Cir. 1993); *Brown v. Mine Safety Appliance Co.*, 753 F.2nd 393, 394 95th Cir. 1985). Moreover, for diversity purposes, a corporation is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Indiana Hi-Rail Corp. v. Decatur Junction Ry.*, 37 F.3d 363, 365 n. 3( 7th Cir. 1994). Thus, if the Plaintiff is from Texas, such as in the instant case, to remove a case on grounds of diversity jurisdiction, a corporate defendant must assert both its state of incorporation and its principal place of business are somewhere other than Texas. *See Jones v. Petty -Ray Geophysical, Geosource, Inc.*, 954 F.2d 1064 (5th Cir. 1992).

5.  In the instant case all Defendants are citizens of the State of Texas. Plaintiffs have independent causes of action for negligence, violations of Articles 21. 21 and 21.55 of the Texas Insurance Code, for violations of the Texas Deceptive Trade Practices Act and for breach of the common-law duties of good faith and fair dealing against these Defendants. Contrary to Defendants' position, Defendant Gary Seligman had claims filed upon him based upon similar operative facts and issues involved in the lawsuit. Gary Seligman at all relevant times was either a member, employee, or agent of Allstate residing and working on behalf of Allstate in the State of Texas. Furthermore, even though Plaintiffs have alleged valid claims against all the Defendants, the Defendants seeking removal have not carried their burden of proving the Plaintiffs have absolutely no recovery against a non-diverse Defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *see Chicago, R.I. & Pac. Ry. v. Whiteaker*, 239 U.S. 421, 424-425 (1915).

6.  In order to determine if a case were truly removable, it is this Court's duty to look to the state of the record in the state court action and examine the record as it existed on the date of removal. 28 U.S.C. Section 1441 (a,c); *Diaz v. Swiss Chalet*, 525 F. Supp. 247 (D. Puerto Rico 1981), citing *Pullman Co. V. Jenkins*, 305 U.S. 534, 59 S. Ct. 347, 83 L.Ed. 334 (1939); *Villarreal v. Brown Express, Inc.*, 529 F. 2d 1219 (5th Cir. 1976). Further, the burden is always on the removing party, the defendant, to establish that the removal was proper. *Id.* In the instant case, it is clear that Plaintiffs had filed a petition with at least one non-diverse Defendant Gary Seligman, whose principal residence and employment on behalf of Allstate was in the the State of Texas. Moreover, contrary to Defendants' belief, during the deposition of Dennis and Marianne Sanchez, the testimony was clear that Allstate, via Gary Seligman, improperly and untimely investigated and delayed payment of the claims to the Sanchez family. Dennis Sanchez clearly states in his testimony the allegations alleged against Mr. Seligman on pages 75-77 of his deposition:

75

14  "Q.  What do you claim that Mr. Seligman did wrong
15  in this case?
16  A.  Essentially from the time the claim was filed
17  there were certain duties that the insurance company
18  should have complied with that I don't think they
19  complied with.
20  Q.  And I understand that about the insurance

21  company. But about Mr. Seligman in particular, I just
22  want to know your complaints or criticisms regarding this
23  one person.
24     A.  If I understand correctly he's the adjuster in
25  charge of this case, so he failed to fulfill his duties

76

1  of carrying out the responsibilities that he was charged
2  with by the insurance company.
3     Q.  And can you tell me what in particular he
4  failed to do?
5     A.  If I can recall correctly -- generally
6  speaking, an insurance company, when they get a claim, is
7  supposed to investigate, they're supposed to send notice
8  within 15 days acknowledging receipt of the claim, and
9  then they're supposed to actually undertake an
10  investigation at that point in time.
11        I don't believe the first acknowledgment letter
12  was timely. I don't believe the investigation was timely
13  initiated. I don't believe that the efforts put forth by
14  the insurance company were geared at trying to resolve
15  this problem. And the first letter of acknowledgment, I
16  believe, was in December, sort of late December 2001,
17  which was probably about two months after the claim was
18  filed. The first -- and I talked to -- I was also
19  wondering why the insurance company had not initiated an
20  investigation into the claim, an inspection of the house,
21  an inspection of the issue of mold. And we ended up
22  sending our own expert into the house before the
23  insurance company did."

Defendants improperly try to mislead this court and completely fail to provide any evidence to which they make reference to in their removal with which to meet their burden regarding the lack of a cause of action against Mr. Seligman. It is clear that at least one of the Defendants, if not both are residents of the state of Texas and the Plaintiffs have viable causes of action over all the Defendants, this court lacks jurisdiction over the Plaintiffs' lawsuit. Therefore, 28 U.S.C. § 1477 compels the Court to remand the lawsuit to state court.

## **REQUEST FOR ATTORNEY FEES, EXPENSES, AND COSTS- 28 U.S.C. § 1447(c) AND FRCP 11 SANCTIONS**

It is clear that Defendants untimely filed this removal and did so merely for purposes of delay and harassment at the expense of the Plaintiffs. Therefore, Plaintiffs request attorney fees, expenses, costs, and sanctions for having to respond to Defendants' improper removal when Defendants clearly knew the state of their case and the causes of action asserted against Mr. Seligman. These amounts should be awarded in accordance with the attached affidavit, See Exhibit "A", and in accordance with 28 U.S.C. §1447(c), FRCP 11, *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 209 (5th Cir. 1998, and *Avitts v. Amoco Prod. Co.* 111 F.3d 30, 32 (5th Cir. 1997).

## **CONCLUSION**

7. Based upon well-established law, the Plaintiffs' petition set out to include viable causes of action against non-diverse Defendants. This destroys diversity of citizenship among the parties for jurisdictional purposes. The state of the record on the date of removal clearly showed that non-diverse defendants were being sued in this case. Diversity of citizenship among all of the parties to the lawsuit does not exist, as the Plaintiffs and at least one Defendant are citizens of the state of Texas.

8. Moreover, Defendants filed to file their removal within the prescribed period of time as set out by law. 28 U.S.C. § 1446 (b).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing thereof, this Court grant their Motion and remand the lawsuit to State Court, and grant such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

**MARTINEZ, BARRERA Y MARTINEZ, L.L.P.**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

Benigno (Trey) Martinez
State Bar No. 00797011
Federal Bar. No. 23945

**ATTORNEY FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DENNIS SANCHEZ and<br>MARIANNE SANCHEZ<br>    Plaintiffs, | §<br>§<br>§<br>§<br>§ | |
| V. | §<br>§ | No. B-02-036 |
| ALLSTATE INSURANCE COMPANY,<br>AND GARY SELIGMAN<br>    Defendants. | §<br>§<br>§<br>§ | |

### AFFIDAVIT OF BENIGNO (TREY) MARTINEZ

STATE OF TEXAS     §
                               §
COUNTY OF CAMERON  §

     BEFORE ME, the undersigned authority, personally appeared Trey Martinez, who, being by me duly sworn, deposed as follows:

     My name is Trey Martinez. I am over eighteen (18) years of age, have never been convicted of a felony, and am fully competent to make this Affidavit. I have personal knowledge of the facts stated in this Affidavit, unless stated to the contrary, and those facts are true and correct.

1.   I am the attorney of record for Plaintiffs and therefore have personal knowledge of the facts stated in this Motion.

2.   I have read the foregoing Motion for Remand, and the information contained in therein is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.

                                                     _____
                                                     Benigno (Trey) Martinez

     SUBSCRIBED AND SWORN TO BEFORE ME on this the ___6th___ day of January, 2003.



                                                     _____
                                                     Notary Public, State of Texas
                                                     County of Cameron

## **AFFIDAVIT OF COSTS/TIME**

STATE OF TEXAS            §
                          §
COUNTY OF CAMERON         §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Benigno (Trey) Martinez, who, being by me duly sworn, on oath deposed and said that he is the attorneys of record for Plaintiffs/Real Parties in Interest, that he is authorized to make this affidavit on their behalf, and the facts stated therein are true and correct.

"Plaintiffs have incurred costs associated with the preparation and filing of this response bu way of postage and copies in the amount of approximately $8.10. Moreover, I spent approximately 3 and ½ hours reviewing depositions, case law, and the actual drafting of this motion to present before this Honorable court. My hourly rate is $200.00. This, Plaintiff will have incurred $700.00 in needless expense to respond to Defendant's removal."

Further Affiant Sayeth Not

_____
Benigno (Trey) Martinez

SUBSCRIBED AND SWORN TO BEFORE ME on this 6th day of January, 2003, to certify which witness my hand and official seal.



_____
Notary Public In and For the State of Texas



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DENNIS SANCHEZ and § | | |
| MARIANNE SANCHEZ § | | |
| Plaintiffs, § | | |
| § | | |
| § | | |
| V. § | | No. B-02-036 |
| § | | |
| ALLSTATE INSURANCE COMPANY, § | | |
| AND GARY SELIGMAN § | | |
| Defendants. § | | |

### ORDER ON PLAINTIFFS' MOTION TO REMAND

On this the _____ day of _____, 2003, came on to be heard Plaintiff's Motion to Remand in the above-named action to the 404th Judicial District Court of Cameron County, Texas, and it appears to the Court that this Motion should be GRANTED based on the grounds that there is not complete diversity jurisdiction.

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to Remand in the above entitled and numbered cause, is hereby GRANTED, and that this matter be REMANDED back to the 404th Judicial District Court of Cameron County, Texas in Cause No. 2002-07-2926-G.

IT IS FURTHER ORDERED that Plaintiffs attorney fees, costs, expenses be reimbursed by Defendants in pursuing this remand in accordance with Plaintiffs' Exhibit "A".

IT IS FURTHER ORDERED that Defendants be sanctioned under FRCP 11 for filing an improper removal in the amount of $_____.

SIGNED this _____ day of _____, 2003.

_____
JUDGE PRESIDING