231000.962/remand.response

United States District Court
Southern District of Texas
FILED

APR 1 7 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

DENNIS SANCHEZ AND §
MARIANNE SANCHEZ §
§
VS. §          CASE NUMBER B-02-236
§                    JURY
ALLSTATE INSURANCE COMPANY §
AND GARY SELIGMAN §

## DEFENDANTS', ALLSTATE INSURANCE COMPANY AND GARY SELIGMAN, RESPONSE TO PLAINTIFFS' MOTION TO REMAND

PLEASE TAKE NOTICE that Defendants, ALLSTATE INSURNACE COMPANY and

GARY SELIGMAN ("Defendants") hereby file their response to Plaintiffs' Motion to Remand and

Motion for Sanctions:

## BACKGROUND

On July 22, 2002, an action was commenced in the 404th Judicial District Court, Cameron

County, Texas entitled Dennis and Marianne Sanchez v. Allstate Insurance Company and Gary

Seligman as Cause Number 2002-07-2926-G. Defendant filed Notice of Removal within the thirty-

day time period required by 28 U.S.C. § 1446(b). The Notice of Removal was filed on December

23, 2002 with the above-referenced court. On January 13, 2003, Allstate received a Motion to

Remand asserting that the case should be remanded back to state court.

## DIVERSITY

Removal is proper because there is complete diversity between the parties. 28 U.S.C. §

1332(a); Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000); Laughlin v. K-

Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Plaintiffs are citizens of the State of Texas.

Defendant is not a citizen of the State of Texas, nor is it incorporated under the laws of Texas and

does not maintain a principal place of business within Texas.  Accordingly, Defendant Allstate Insurance Company is an Illinois entity.[1]  Defendant, Gary Seligman, is also a citizen of Florida and has been a Florida citizen since 1961.[2]

## FRAUDULENTLY JOINDER OF GARY SELIGMAN

Plaintiffs' Motion to Remand contends that Dennis Sanchez's testimony established a cause of action against Gary Seligman.  However, the Sanchez testimony only refers to general complaints about the company.  Sanchez admitted that he never spoke to Seligman.  Further, Plaintiffs refer to deposition testimony relating to the failure to acknowledge the claim in time.  In the deposition testimony, it is established that the acknowledgement was sent to the Plaintiffs but a different adjuster was involved.[3]  In fact, Gary Seligman did not get involved with the claim until January 2002, well into the investigation.[4]    Mr. Sanchez' self-serving testimony is only made in a last minute attempt to shed some blame on Gary Seligman who never spoke with the insureds and was involved late into the claims handling process.

Finally, Plaintiffs ignore the fact that their Petition makes no specific actionable cause of action against Gary Seligman.  In an attempt to defeat diversity, Plaintiffs have joined an adjuster, Gary Seligman, as an individual Defendant.  However, the presence of Seligman as a Defendant is to be disregarded for removal purposes if his joinder was fraudulent.  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (Fifth Cir. 1981).  Whether a case has been properly removed despite the presence in a suit of a resident Defendant is determined by reference to the Plaintiffs' State Court pleadings.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (Fifth Cir. 1999); *Tedder v. FMC Corp.*, 590 F.2d 115, 116-17 (Fifth Cir. 1979).  If there is no reasonable basis for predicting that state law

---

[1] See Affidavit of Ingrid Bohlender attached as Exhibit A.
[2] See Affidavit of Gary Seligman attached as Remand Response Exhibit B.
[3] See Deposition Testimony of Dennis Sanchez pg.78, Ln 19-21; Additionally, please refer to acknowledgement letter attached as Remand Response Exhibit C.
[4] See Affidavit of Gary Seligman attached as Remand Response Exhibit B.

might impose liability on the resident defendant under the facts alleged, then the claim is deemed

fraudulent, and its presence will not prevent removal. *Tedder*, 590 F.2d at 117.

Plaintiffs' counsel filed a form Petition that claims mold damages as a result of various

water events.   Consequently, Plaintiffs asserted numerous causes of action including unfair

discrimination, negligence, gross negligence, breach of contract, deceptive trade practice violations,

insurance code violations, breach of the duty of good faith and fair dealing, fraud, and negligent

misrepresentation. The Petition appears to be a standard form petition purposely designed to defeat

federal court jurisdiction.

It is noteworthy that the Petition makes a blanket reference to "Defendants" throughout the

Petition without alleging any specific facts to support a contention that they were damaged as a

result of Seligman's actions. *See* Tex. Ins. Code Ann. Art. 21.21 §16(a).

## TIMELINESS OF REMOVAL

Plaintiffs next contend that the Removal was not timely since it was filed 5 months after

the Original Petition.   Defendant contends that it did not have knowledge regarding fraudulent

joinder until the depositions were taken.

Article 28 U.S.C. § 1446(b) states as follows:

> If the case stated by the initial pleading is not removable, and notice of removal
> may be filed within 30 days after receipt by the Defendant, through service or
> otherwise, of a copy of an amended pleadings, motion, order or *other paper* from
> which it may first be ascertained that the case is one which is or has become
> removable… (italics and emphasis added).

It is well established that courts viewed the "other paper" language expansively, so that the

thirty (30) day removal period may be triggered even by unfiled "papers." *See S.W.S. Erectors, Inc.*

*v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (deposition was "other paper"); *see also Huffman v.*

*Saul Holdings, L.P.*, 194 F.3d 1072, 1078 (10th Cir. 1999) (deposition was "other paper"; removal

period commences with giving of testimony, not receipt of transcript). Accordingly, the Fifth Circuit has recognized unfiled transcripts of deposition testimony as "other paper" which triggered the 30-day removal period. *See S.W.S. Erectors, Inc.*, 72 F.3d at 494.

Plaintiffs were deposed on November 27, 2002.[5]  In the course of their depositions, Plaintiff Marianne Sanchez testified, under oath, that she spoke with Seligman two times and that on both those occasions, he was "professional and polite" and never lied, misrepresented or deceived her.[6]  Furthermore, Mr. Sanchez testified that he did not specifically remember speaking with Gary Seligman and only spoke with a "customer service representative" who called to acknowledge the claim soon after it was filed.[7]  Further, Sanchez could not testify whether that "customer service representative lied, deceived or misrepresented him in anyway."

Therefore, the existence of Defendant, Gary Seligman, as a named Defendant in this suit should be disregarded for purposes of affirming jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) on the ground that there is no possibility that Plaintiffs will be able to establish liability against Seligman as a matter of law.

## RESPONSE TO MOTION FOR SANCTIONS

Plaintiffs seek sanctions as a result of filing a Motion to Remand.  Defendant contends it has been placed under a greater burden in having to file a Notice of Removal since it determined after Plaintiffs' depositions that there was no actionable cause of action against Gary Seligman. Defendant has a reasonable basis in seeking Removal as the Original Petition does not state any specific causes of action against Gary Seligman and the Original Petition on its face is subject to a "fraudulent joinder" Notice of Removal. Defendant contends that the Notice of Removal is not frivolous and does not violate Rule 11 of the Federal Rules of Civil Procedure.

---

[5] *See* deposition transcripts of Plaintiffs, Dennis and Marianne Sanchez.
[6] *See* deposition testimony of Marianne Sanchez pg. 13, line l-14 and pg. 15, ln 1-15
[7] *See* deposition testimony of Dennis Sanchez, pgs. 60-62.

4

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone:  (210) 344-0500
Telecopier:  (210) 344-7228

By:_____
      LARRY J. GOLDMAN
      State Bar No. 08093450
      CARLOS E. SOLIS
      State Bar No. 24002972

ATTORNEY FOR DEFENDANTS
ALLSTATE INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing has been forwarded

to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this

_15_ day of April, 2003:

>   Mr. Benigno (Trey) Martinez
>   MARTINEZ Y BARRERA, L.L.P.
>   1201 E. Van Buren
>   Brownsville, Texas  78520

>   _____
>   LARRY J. GOLDMAN

# Exhibit "A"

h:/ljg/23100962/bohlender.aff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DENNIS SANCHEZ AND | § | |
| MARIANNE SANCHEZ | § | |
| | § | |
| VS. | § | CASE NUMBER B-02-236 |
| | § | JURY |
| ALLSTATE INSURANCE COMPANY | § | |
| AND GARY SELIGMAN | § | |

### AFFIDAVIT OF INGRID BOHLENDER

STATE OF ILLINOIS      )
                        )
COUNTY OF COOK      )

BEFORE ME, the undersigned authority, on this day personally appeared **Ingrid Bohlender**, who upon oath did depose and say the following:

1.    "My name is Ingrid Bohlender.  I have never been convicted of a felony. I am competent to make this affidavit, and the statements contained herein are within my personal knowledge and they are true and correct.

2.    "I am a Senior Legal Assistant for Allstate Insurance Company.  I am the person authorized to sign this document on behalf of Allstate Insurance Company in the above-referenced cause.

3.    As part of my ordinary job responsibilities, I have access to the business records of Allstate Insurance Company.  The records I have reviewed related to my affidavit testimony are all made and stored in the ordinary course of business of Allstate Insurance Company.  All of these records were recorded by a person with knowledge of the matters recorded and they are made at or near the time of the events or matters described in the records.  My review of the relevant business records of Allstate Insurance Company reveals that Allstate Insurance Company is an Illinois

domiciled insurance company formed with the Illinois Insurance Department on February 9, 1931.

Allstate Insurance Company has never been incorporated in Texas and its principal place of business

is in Illinois."

Ingrid Bohlender
Senior Legal Assistant
Allstate Insurance Company

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the 15th

day of January , 2003.

Notary Public in and for the State of Illinois

My Commission Expires: 2-15-03

"OFFICIAL SEAL"
BARBARA G. GREEN
Notary Public, State of Illinois
(SEAL)
My Commission Expires Feb. 15, 2003

Page 2 of 2

# Exhibit "B"

h:/ljg/23100984/bohlender.aff
09-25-02/HRJ/hc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DENNIS SANCHEZ AND** | § | |
| **MARIANNE SANCHEZ** | § | |
| | § | |
| **VS.** | § | **CASE NUMBER B-02-236** |
| | § | **JURY** |
| **ALLSTATE INSURANCE COMPANY AND** | § | |
| **GARY SELIGMAN** | § | |

### AFFIDAVIT OF GARY SELIGMAN

STATE OF TEXAS     )
                      )
COUNTY OF HARRIS    )

BEFORE ME, the undersigned authority, on this day personally appeared **GARY SELIGMAN**, who upon oath did depose and say the following:

1.      "My name is GARY SELIGMAN.  I have never been convicted of a felony, I am competent to make this affidavit, and the statements contained herein are within my personal knowledge and they are true and correct.

2.      I am employed by Pilot and am a contract adjuster for Allstate Insurance Company. I am not a Texas resident and have been a resident of Florida since 1961. My Florida driver's license number is S425-281-39-266-0 and permanent residence is 6253 N.W 62nd Terrace, Parkland, Fl 33067.

3.      I was first assigned to handle this claim on January 4, 2002.  I have never spoken to the Plaintiffs Dennis and Marianne Sanchez as they were represented by an attorney at the time I took over the file."

Gary Seligman
Allstate Insurance Company

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the 15th day of _JAN_, 2003.

Notary Public in and for the State of Texas

My Commission Expires: _____

SHERINE A. HAGOOD
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
AUGUST 8, 2004

(SEAL)

Page 2 of 2

# Exhibit "C"


You're in good hands.

Allstate Insurance Co.
1500 City West, Suite 800
Houston, TX 77042

Phone Number: 713-430-2200
Office Hours:    Monday-Friday 8:00-4:30

November 20, 2001

Martinez & Barrera, L.L.P.
Attorneys at Law
1201 E. Van Buren
Brownsville, TX 78520

**ATTENTION:  MR. BENIGNO (TREY) MARTINEZ**

| | | |
|---|---|---|
| Re: | Company: | **Allstate Texas Lloyds Company** |
| | Insured: | **DENNIS SANCHEZ** |
| | Insured Premises: | **1827 Palm Blvd., Brownsville, TX 78520** |
| | Claim Number(s) | **8202563709 (A/C Leak – Center Unit)** |

Dear Mr. Martinez:

This will acknowledge receipt of your client's claim of August 15, 2001.  Under your client's homeowners' policy, your clients are required to take certain actions.  Your client's duties in case of a loss to covered property caused by a peril insured against, include:

1.    Give prompt written notice to us of the facts relating to the claim:

2.    Protect the property from further damage;

3.    Make reasonable and necessary repairs to protect the property;

4.    Keep an accurate record of repair expenses;

5.    Furnish a complete inventory of damage to personal property showing the quantity, description and amount of loss (attaching all bills, receipts and related documents which justify the figures in the inventory);

6.    As often as we reasonably require:

  a.    Provide us access to the damaged property;
  b.    Provide us with pertinent records and documents we request and permit us to make copies;
  c.    Submit to examination under oath and sign and swear to it; and

7.    Provide a signed and sworn proof of loss on a standard form supplied by us within 91 days of our request.

DEPOSITION
EXHIBIT
6
DENNIS SANCHEZ



I have enclosed a standard form of a proof of loss. Please have your client answer all of these questions and provide all information requested, to the best of his/her knowledge and belief. Your client then must sign the verification before a notary confirming that the information given in response to the questions in the proof of loss is correct to the best of his/her knowledge and belief. You should send the completed sworn proof of loss to me as soon as possible to permit Allstate to investigate your client's claim promptly. Under the policy, your client must send the sworn proof of loss within 91 days of this request.

In order to investigate your client's claim, we will also need to come to your client's home to inspect any damaged property. We will contact you regarding the arrangements for the inspection of your client's residence and to obtain any additional pertinent records and documents we may need. Also, we may need to take your client's examination under oath. We will advise you if this is necessary in order to schedule a time and place that is convenient for your client to take this examination under oath.

Please make sure you contact me if you have any questions. Thank you.

Sincerely,

Robert Solberg
Claim Representative

Enc.