16

h:/ljg/23100962/federal answer
LJG/CES/djd

United States District Court
Southern District of Texas
FILED

APR 2 8 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DENNIS SANCHEZ AND | § | |
| MARIANNE SANCHEZ | § | |
| | § | |
| VS. | § | CASE NUMBER B-02-236 |
| | § | JURY |
| ALLSTATE INSURANCE COMPANY | § | |
| AND GARY SELIGMAN | § | |

## DEFENDANT'S AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendant ALLSTATE INSURANCE COMPANY AND GARY SELIGMAN and without waiving any of its defenses under the contract of insurance in question and still insisting upon any policy conditions, exclusions and other policy defenses that they may now have or may arise in the future, files this, Amended Answer to Plaintiffs' Petition, and would show the Court as follows:

### I.

1.      Defendant hereby exercise their right to require Plaintiffs to prove their allegations by a preponderance of the credible evidence.

### II.

2.      Defendant specifically denies that Plaintiffs is entitled to the relief requested in Plaintiffs' most recent petition in the above reference case, and asks that these matters be properly decided by this Honorable Court and Jury.

3.      Specifically, Defendant addresses each of the Plaintiffs' allegations as follows:

A.      Defendants admit Paragraph II.

B.    Defendants admit that venue is proper in Cameron County.  However, Defendant exercised its right to remove the case to Federal Court based upon diversity jurisdiction.  Defendant denies the remainder of the allegations in Paragraph III.

C.    Defendants deny the allegations in Paragraph IV.

D.    Defendants deny allegations in Paragraph V.

E.    Defendants deny allegations in Paragraph VI.

F.    Defendants deny allegations in Paragraph VII.

G.    Defendants deny allegations in Paragraph VIII.

H.    Defendants deny allegations in Paragraph IX.

I.    Defendants deny allegations in Paragraph X.

J.    Defendants deny allegations in Paragraph XI.

K.    Defendants deny allegations in Paragraph XII.

L.    Defendants deny allegations in Paragraph XIII.

## III.

## AFFIRMATIVE DEFENSES

4.    Defendant, ALLSTATE, asserts affirmatively that Plaintiffs have not complied with the terms and policies of the policy of insurance in question and have not complied with the conditions precedent to bringing this suit pertaining to the policy of insurance mentioned in Plaintiffs' Original Petition.

5.    Without waiving the generality of the foregoing, by way of affirmative defenses, if such be necessary, Defendant show the following:

2

### FIRST AFFIRMATIVE DEFENSE

6.     Plaintiffs failed to mitigate damages in violation of the common law and the insurance policy.  Further, such conduct violated the insurance policy which requires Plaintiffs to:  (1) Protect the property from further damage; (2) Make reasonable and necessary repairs to protect the property; and (3) Keep an accurate record of repair expenses.

### SECOND AFFIRMATIVE DEFENSE

7.     Defendant is not responsible for mold infestation or other damage which occurred prior to the policy period in question.  The policy "[a]pplies only to loss…which occurs during the policy period stated on the declarations page."

### THIRD AFFIRMATIVE DEFENSE

8.     Defendant denies liability for all damages not covered by the policy. Additionally, under the doctrine of concurrent causation, Defendant is only liable for that portion of the loss caused by a covered peril.  The Plaintiffs have the burden of proof of segregating the damage between covered and non-covered perils.  In this regard, all or part of the loss may be due to excluded perils, including the following:

> 1.     Wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself..
>
> 2.     Rust, rot, mold or other fungi.
>
> 3.     Loss resulting from surface water.

9.     It is Defendant's position that some or all of the damages at issue were caused by the foregoing excluded perils.  To the extent that the damage was caused by a combination of the foregoing excluded perils and covered perils, Plaintiffs have the burden of proof of segregating which portion of the damage is caused by the covered peril.

### FOURTH AFFIRMATIVE DEFENSE

10.    Defendant denies that the mold was a proximate cause of the personal injuries alleged by Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

11.    Defendant states that there is no coverage for personal injuries under the subject policy at issue in this case.

### SIXTH AFFIRMATIVE DEFENSE

12.    Defendant is entitled to a credit and/or offset to the extent that there have been any payments for additional living expenses to date.

### SEVENTH AFFIRMATIVE DEFENSE

13.    Defendant specially pleads the limitation provision of § 41.001 et seq. of the Texas Civil Practice & Remedies Code setting a limitation on an award of punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

14.    Defendant relied upon information provided by third-parties in making coverage decisions in this case.

### NINTH AFFIRMATIVE DEFENSE

15.    Defendant denies violations of the D.T.P.A. and Texas Insurance Code and further denies knowing violations.  Absent knowing violations of the D.T.P.A. and Insurance Code, Plaintiffs is not entitled to mental anguish damages in this case.

### TENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs are not entitled to punitive damages in this case under the standards enunciated by the Texas Supreme Court in Transportation Insurance Co. v. Moriel, 879 S.W.2d 10 (Tex. 1994).

### ELEVENTH AFFIRMATIVE DEFENSE

17.     Pursuant to the one satisfaction rule, regardless of the number of claims, Plaintiffs' recovery, if any, which is denied, is limited to the value of the residence.

### TWELFTH AFFIRMATIVE DEFENSE

18.     Defendant pleads the affirmative defense of accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to cooperate in the handling and/or investigation of their claims, as required by the policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

20.     Plaintiffs' claims are barred, in whole or in part, because conditions precedent to Plaintiffs' recovery have not occurred.  For example, and without limitation, Plaintiffs failed to provide written notice prior to suit as required by Article 21.21 of the Texas Insurance Code and by § 17.505(a) of the Texas Business and Commerce Code (Texas DTPA).  Additionally, Defendant specifically pleads that the Plaintiffs did not provide timely written notice of their claim(s) or loss as required by the insurance contract.

### FIFTEENTH AFFIRMATIVE DEFENSE

21.     Defendant specifically pleads that the estimates submitted by Plaintiffs, if implemented, would violate the doctrine of economic waste.

### SIXTEENTH AFFIRMATIVE DEFENSE

22.     Defendant specifically pleads that the estimates submitted by Plaintiffs' counsel is unreasonable, and include unnecessary work.

### SEVENTEENTH AFFIRMATIVE DEFENSE

23.    Defendant specifically pleads that Plaintiffs did not comply with their duty to maintain the property.

### EIGHTEENTH AFFIRMATIVE DEFENSE

24.    Plaintiffs' claims is barred, in whole or in part, because Plaintiffs failed to take measures to protect the property from further damage or to prevent ensuing damage, including the growth of any mold.  Therefore, Plaintiffs breached their contractual obligations and prejudiced Allstate.  Moreover, Plaintiffs assumed the risks and Plaintiffs waived and/or is estopped from asserting any claim related to such risks.

### NINETEENTH AFFIRMATIVE DEFENSE

25.    Plaintiffs' losses, if any, is subject to an offset in the amount of any payment or reimbursement to Plaintiffs for any coverage that was paid, but for which coverage does not exist.

### TWENTIETH AFFIRMATIVE DEFENSE

26.    Plaintiffs' claims is barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused, in whole or in part, by the fault or negligence of Plaintiffs or others.  Accordingly, Plaintiffs' claims are barred or must be reduced under the doctrine of contributory or comparative fault.

### TWENTY FIRST AFFIRMATIVE DEFENSE

27.    Plaintiffs' claims is barred, in whole or in part, because Plaintiffs' damages and/or injuries, if any, were the result of conduct of Plaintiffs, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening, and superseding causes of the alleged damages and/or injuries.

WHEREFORE, PREMISES CONSIDERED, Defendant prays Judgment of the Court and for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
        LARRY J. GOLDMAN
        State Bar No. 08093450
        Southern District Bar No. 341
        CARLOS E. SOLIS
        State Bar No. 24002972
        Southern District Bar No. 21915

ATTORNEY FOR DEFENDANT
ALLSTATE INSURANCE COMPANY
AND GARY SELIGMAN

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 27th day of APRIL, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ Y BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, TX 78520

_____
LARRY J. GOLDMAN
CARLOS E. SOLIS

7

## **VERIFICATION**

| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared Carlos E. Solis, who being by me duly sworn upon his oath, deposed and stated that he is an attorney of record for ALLSTATE INSURANCE COMPANY AND GARY SELIGMAN, Defendants in the above-entitled and numbered cause; that he has read the above Defendant' Amended Original Answer; and that the allegations contained therein is within his personal knowledge and is true and correct.

_____

Carlos E. Solis, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 28th day of April, 2003, to certify which witness my hand and official seal.

Sandy J. Johnston
Notary Public, State of Texas
My Commission Expires
FEBRUARY 23, 2005

NOTARY PUBLIC, STATE OF TEXAS

8