20

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

JUN 2 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

DENNIS SANCHEZ ET AL.,                §
    Plaintiffs,                          §
                                         §
VS.                     .                §       CIVIL ACTION NO. B-02-236
                                         §
ALLSTATE INS. CO. ET AL.,             §
    Defendants.                          §

## MEMORANDUM AND ORDER

Pending is Plaintiffs' Motion to Remand, Request for Reimbursement of Attorney Fees,

Cost[s], Expenses, Sanction[s], and Supporting Brief. Docket No. 7. For the reasons elaborated in

Part II.A. of the Court's Memorandum and Order, Plaintiffs' Motion to Remand is hereby

**GRANTED** and this action is **REMANDED** to the 404th Judicial District Court, Cameron County,

Texas, in Cause No. 2002-07-2926-G. However, the Court, in the exercise of its discretion, declines

to grant Plaintiffs' related request for fees, costs, expenses, and sanctions; the same is hereby

**DENIED** for the reasons stated in Part II.B. of the Court's Memorandum and Order.

## I.     PROCEDURAL BACKGROUND

Plaintiffs, Dennis and Marianne Sanchez, originally filed this suit in state court on July 22,

2002. Docket No. 1 at Exhibit A. Plaintiffs named Allstate Insurance Company ("Allstate") and an

affiliated adjustor, Gary Seligman ("Seligman"), as Defendants. Id. Allstate was served with

process on July 29, 2002. Process was effected on Seligman on July 30, 2002.

On December 23, 2002, Defendants filed a notice of removal pursuant to 28 U.S.C. §§

1441(a), 1446(b), alleging complete diversity of the proper parties. Docket No. 1. Plaintiffs

subsequently requested remand to the state court on January 6, 2003, Docket No. 7. The parties have

advanced arguments regarding the propriety or remand in multiple filings. Docket Nos. 9, 10, 12,

13.

## II.    DISCUSSION

As detailed elsewhere, see infra Part II.B., were it to reach the merits of Defendants' fraudulent joinder claim, the Court would be inclined to retain jurisdiction of this matter. However, because the Court finds that the Defendants have untimely filed their notice of removal and likewise finds that the Plaintiffs have not waived said untimeliness, the Court is constrained to remand the suit to state court.

### A.    Timeliness

Section 1446(b) of Title 28, United States Code, governs the timeliness of removal notices. The provision is subdivided into two paragraphs, which provide that:

> [1]    The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> [2]    If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

As there was an approximately five-month gap between Defendants' receipt of the initial state-court pleading via service of process and their filing of a notice of removal, Defendants rely on the second paragraph of § 1446(b). Docket No. 1. Defendants argue that Seligman has been fraudulently joined to this suit and that the timeliness of their notice of removal depends on when

2

they might have first ascertained the fraudulent nature of Seligman's joinder.  Id.  Defendants maintain that they first became aware of the removability of this suit on November 27, 2002, when the Plaintiffs' depositions were taken.  Docket No. 7; see Docket No. 1 at Exhibits B, C (depositions of Marianne and Dennis Sanchez respectively).  A deposition transcript may satisfy the "other paper" requirement of the second paragraph of § 1446(b), S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996), and Defendants did file their notice of removal within thirty days of the date of Plaintiffs' depositions.  Docket No. 1.

The parties have focused all of their argument thus far on the propriety of Seligman's joinder.  See Docket Nos. 1, 7, 9, 10, 12, 13.  As detailed infra, Defendants have the better of this argument.  However, in the process of attempting to bolster their argument, Defendants also have stated that, whatever the merits of their claims regarding fraudulent joinder, there is complete diversity because "Defendant, Gary Seligman, is also a citizen of Florida and has been a Florida citizen since 1961."  Docket No. 13 at 2; see id. at Exhibit B (Seligman's affidavit).[1]  Plaintiffs have expressed dismay at this rather recent contention, but have offered nothing that contradicts it.[2]  See Docket No. 12 ("Plaintiffs find that it is disingenuous that Defendants now submit an Affidavit of an individual who

---

[1] Allstate was incorporated in Illinois and has its main place of business there as well.  See Docket No. 9 at Exhibit A ("Affidavit of Ingrid Bohlender"); see also 28 U.S.C. § 1332(c) (stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").  Therefore, Allstate's diversity from the Plaintiffs does not appear to be in dispute.  In their Motion to Remand, Plaintiffs did initially appear to contest Allstate's citizenship.  Docket No. 7.  However, the only evidence presently in the record on this point is Bohlender's affidavit.

[2] In the way of contrary evidence, Defendants have submitted two exhibits.  See Docket No. 12 at Exhibit A (correspondence from Seligman to Plaintiffs' attorney addressed from Houston, Texas); id. at Exhibit B (copy of service of process effected on Seligman at a Houston, Texas, address)  However, mere presence in a state, even for an extended period of time, is insufficient to effect a change in a natural person's citizenship.  See Hardin v. McAvoy, 216 F.2d 399, 402-03 (5th Cir. 1955) (discussing citizenship of natural persons and specifying that presence must be conjoined with a present intention to make the new location one's home in order to effect a change of citizenship).

3

has worked and resided within the State of Texas for a significant period of time, fraudulently claiming that he is a permanent resident of Florida."); see also Docket No. 10 (same).

Defendants, however, may have proved too much with this allegation regarding Seligman's Florida citizenship. Although defense counsel has disavowed prior knowledge of Seligman's citizenship,[3] Seligman has presumably known his true citizenship from the inception of this suit in state court. See Keller v. Carr, 534 F. Supp. 100, 102 (W.D. Ark. 1981) ("Presumably, the defendant knew all along where his residence was, and as was pointed out above, he even advised the circuit court that his residence was in Missouri."). This being the case, this is a suit in which there were grounds for removing the action to federal court from the moment it was filed in state court (i.e., complete diversity inasmuch as Plaintiffs are citizens of Texas, Allstate is a citizen of Illinois, and Seligman is a citizen of Florida). This has the further effect of making the first paragraph of § 1446(b) the controlling provision, because the second paragraph expressly limits itself to those cases in which the initial pleading does not state a removable case. See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable . . . ."); see also Johnson v. Heublein, Inc., 227 F.3d 236, 241 (5th Cir. 2000) ("This Circuit has held that the first paragraph of section 1446(b) applies to cases which are removable as initially filed, the second paragraph applies to those cases which are not removable originally but become removable at a later time . . . ."); New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998) ("The second paragraph applies only to civil actions in which the initial pleading states a case that is not removable.").

---

[3] At a pretrial conference held on May 21, 2003, the following exchange took place:

COURT:      How did you guys not know your guy is a Florida resident for thirty days?

MR. SOLIS:  We didn't. The only reason I brought it up is when I found out, I felt I had an obligation to tell the Court.

4

Given the procedural history of the case, there is no question that the Defendants have failed to comply with the first paragraph of § 1446(b). There is also no doubt that such failure generally bars removal. See Johnson, 227 F.3d at 241 ("It is undisputed that the present case was initially removable and that the Co-defendants did not file a notice of removal within thirty days of receiving the initial complaint. Consequently, Heublin and Canandaigua lost the right to remove the case upon the expiration of that thirty-day period."); see also Delaney v. Viking Freight, Inc., 41 F. Supp. 2d 672, 674 (E.D. Tex. 1999) (stating that "a failure to timely file a notice of removal is a defect that requires remand to state court"). Accordingly, unless some exception to this general rule is applicable, remand is appropriate because the Defendants untimely filed their notice of removal.

Waiver may constitute a basis for avoiding the aforesaid general rule, because the provisions of § 1446 are not jurisdictional. That is, although implementing the manner in which defendants invoke the removal jurisdiction of federal courts, failure to comply with the statute's terms does not result in a jurisdictional defect; parties may waive a defendant's failure to comply with the terms of § 1446(b). See Barnes v. Westinghouse Elec. Corp., 962 F.2d 513, 516 (5th Cir. 1992) (rejecting notion that statute is jurisdictional in nature and holding that "[t]he language of the statute . . . indicates that sections 1446(b) and 1447(c) are procedural provisions"), cert. denied, 506 U.S. 999 (1992). For example, even if a defendant fails to timely file a notice of removal, a plaintiff may waive this failure. See id. (quoting Nolan v. Boeing Co., 919 F.2d 1058, 1063 n.6 (5th Cir. 1990), cert. denied, 499 U.S. 962 (1991), for the proposition that "'[t]he time limitation for removal is not jurisdictional; it is merely modal and formal and may be waived'").

There is nothing in the record, however, that is indicative of waiver. As per 28 U.S.C. § 1447(c), Plaintiffs timely moved the Court for remand. Docket No. 7. Although they offered no

5

specific argument on the topic, Plaintiffs' Motion to Remand did specify that "Defendants filed [sic] to file their removal within the prescribed period of time as set out by law" as one of their grounds for remand. Id. In doing so, Plaintiffs expressly invoked 28 U.S.C. § 1446(b). Id. Plaintiffs have also continued to assert the untimeliness of Defendants' removal-related motions in subsequent filings, albeit without elaboration. See Docket No. 10 ("Defendants supplemental notice is untimely filed."); Docket No. 12 (same). Therefore, Defendants are procedurally barred from removing this case to a federal forum and the matter must be remanded to state court.

### B.    Fees, Costs, Expenses, and Sanctions

In conjunction with their Motion to Remand, Plaintiffs have filed a Request for Reimbursement of Attorney Fees, Cost[s], Expenses, and Sanction[s]. Docket No. 7. Section 1447(c) of Title 28, United States Code, vests the decision to render such an award within the sound discretion of the Court. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") (emphasis added); see also Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 291 (5th Cir. 2000) (holding that "the clear language of the statute makes such an award discretionary"). The Court declines to exercise its discretion on behalf of the Plaintiffs for two interrelated reasons.

Though Plaintiffs objected to Defendants' notice of removal as untimely in a general manner, they never identified the controlling statutory issue with any specificity whatever. Nor did the Plaintiffs offer any argument on this point. Moreover, but for the procedural defect that prevents the Court from reaching the merits of Defendants' contentions, there is little doubt that Defendants would prevail regarding the issue of fraudulent joinder. In Travis v. Irby, 326 F.3d 644 (5th Cir. 2003), the court of appeals opined that the fraudulent joinder standard is akin to that of FED. R. CIV.

6

P. 12(b)(6) ("failure to state a claim upon which relief can be granted"), with the caveat that, unlike

a Rule 12(b)(6) motion, the Court is not limited to consideration of the complaint. Id. at 648-49.

Accordingly, the removing party must demonstrate that the ostensibly fraudulently joined party has

no possibility of recovery under state law. Were it not for the for the fact that the first paragraph of

§ 1446(b) governs the time for filing a notice of removal in this case, Defendants could readily

demonstrate that Seligman is fraudulently joined to this suit.

     Numerous cases resembling the one presently before this Court have been heard in federal

district courts in Texas with varying results. See Blanchard, 206 F. Supp. 2d at 842 n.1 (collecting

cases). Unlike the plaintiffs in Blanchard, present Plaintiffs have not averred specific factual conduct

that might establish a cause of action against Defendant Seligman under Texas law. This failure

would enable the Defendants to carry their burden and demonstrate that Defendant Seligman has

been fraudulently joined to this suit.

     In Blanchard, the plaintiffs alleged statutory causes of action against an insurance adjustor

similar to those asserted by the instant Plaintiffs. See id. at 843-44 (listing sections of the DTPA and

Article 21.21 of the Texas Insurance Code). The Blanchards' specific allegations regarding the

adjustor were that he: "'represented the policy provided coverage for damage caused as a result of

plumbing leaks'; obtained a 'result-oriented' engineer's report to assist State Farm Lloyds in denying

plaintiffs' claim; 'disregarded all pertinent evidence relevant to why this damage was caused by

plumbing leaks'; and 'failed to fully and properly investigate the Plaintiffs' claim.'" Id. at 843.

Given these allegations, the district court held that the plaintiffs had no reasonable possibility of

establishing a claim against the adjustor for misrepresentation of the policy's terms, as the latter had

submitted "an undisputed affidavit stating that his role was limited to that of claim adjuster." Id. at

7

846. Nonetheless, the Blanchard court refused to retain jurisdiction on the basis of fraudulent joinder, because, as an adjustor, the defendant might be liable for violations of Section 4(10)(a)(ii) of Article 21.21 of the Texas Insurance Code if the plaintiffs' allegations that he "hired a biased engineering firm," "disregarded evidence," and "failed to conduct a full and fair investigation" panned out. Id. at 846-47.

Unlike the Blanchards' allegations, the instant Plaintiffs' Original Petition in state court and the summary judgment-type evidence clearly and convincingly demonstrate that the Plaintiffs cannot, based upon what has been presented to this Court, establish a cause of action under state law with regard to Defendant Seligman. The Plaintiffs' Original Petition does not aver any specific wrongdoing by Defendant Seligman. See generally Docket No. 1 at Exhibit A. Apart from identifying Seligman as a Defendant in Paragraph 3, the Petition never again refers to Seligman by name. See id. Nor does it reference Seligman by other than his name with regard to any specific actionable conduct. See id. Indeed, the Petition does not recite any specific actionable conduct whatsoever, apart from making conclusory allegations regarding the Plaintiffs' causes of actions. Id. For example, the Petition avers that "they denied, delayed, or failed to fully pay or properly investigate some or all of Plaintiffs' covered claims with no reasonable basis. They have failed to act promptly or to conduct a good faith investigation." Id. However, it is not even clear from the Petition that "they" includes Seligman, as the paragraph in question opens by merely identifying the "they" employed in subsequent sentences as "the Carrier Defendant and their [sic] agents." Id. The Court can only guess as to whether Seligman is one of the "agents" in question regarding the allegations made in this paragraph of the Petition, and this particular paragraph is not atypical of the remainder of the Petition. See generally id. Indeed, it is not clear "that [Plaintiffs'] petition, which

8

mentions [Seligman] once . . . , then fails to state any specific actionable conduct on [his] part whatsoever, meets even the liberalized requirements that permit notice pleading." Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999).

The Defendants subsequently sought to clarify the nature of the complaint against Seligman via deposition of both Plaintiffs. In both depositions, neither Plaintiff testifies to any specific actionable conduct on the part of Seligman. See generally Docket No. 1 at Exhibits B, C (depositions of Marianne and Dennis Sanchez respectively). When asked, Marianne Sanchez disavows any knowledge and suggests that her husband would know such details. Id. at Exhibit B (pages 11-16). Dennis Sanchez never makes any specific allegations about Seligman and instead seems to conclude that if Allstate has done anything wrong in handling his claim, the adjustor, Seligman, must be to blame. Id. at Exhibit C (pages 75-76). When pressed on the issue, Mr. Sanchez responded by talking about the insurance company generally and its duties. Id. In short, having read the deposition testimony of the Plaintiffs, it is still not clear precisely what conduct by Seligman is thought to serve as the factual predicate for Plaintiffs' causes of action.

The only ostensible countervailing evidence that the Plaintiffs have offered the Court for its examination are a series of letters from Seligman to the Plaintiffs' attorney. Docket No. 12 at Exhibit A (series of letters spanning the period of January 2002 through June 2002). Plaintiffs originally submitted these letters as proof of Seligman's residency in Texas. See Docket No. 12 ("Plaintiffs attach all the correspondence as Exhibit "A" from or to Mr. Seligman proving that he, in fact either was domiciled, employed, and/or worked in the state of Texas for at least one year before he filed his affidavit claiming to be a permanent resident of the state of Florida."). The letters cover a variety of matters (e.g., payments made to Plaintiffs, remediation estimates, explanations as

9

to why the adjustment of Plaintiffs' claim was taking some time, Plaintiffs' duties under their homeowner's policy, specified denials of coverage for certain damages due to policy exclusions) Id. at Exhibit A.  None of these documents establish anything that facially constitutes a specific actionable wrong.

Had this Court not found the removal to be untimely, Defendants' claim of fraudulent joinder would have been found to be meritorious.  Defendants would prevail on the pending Motion to Remand, Docket No. 7, but for the untimeliness of their notice of removal under § 1446(b).  The substantive merit of the Defendants' rationale for removal, in conjunction with Plaintiffs' failure to articulate the procedural obstacle that requires remand, leads the Court to believe that an award of costs, expenses, fees, or sanctions would be inappropriate in this case.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, Docket No. 7, is hereby **GRANTED** and this action is **REMANDED** to the 404th Judicial District Court, Cameron County, Texas, in Cause No. 2002-07-2926-G.  The Clerk is directed to take all steps necessary to effectuate this remand.  However, the Court, in the exercise of its discretion, declines to grant Plaintiffs' their related request for fees, costs, expenses, and sanctions, Docket No. 7, and the same is hereby **DENIED**.  Each party shall bear its own costs, expenses, and fees.

Signed in Brownsville, Texas, this 26th day of June, 2003.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

10